SKS#479044

240-286

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No.: |
| MEDICAL CAREER INSTITUTE , INC.; WILLIAM G. ZANE; THALIA G. ZANE; GREG PETINATOS; MARTHA CALVO; TAQUIA MEHDI-RAZVI a/k/a TAQUIA OL ELIEL RAZVI; JENNIEFER LAMBERT; KRISTIN RORLEDGE; RACHEL KITTLER; DANIELLE DODLER; RENEE OCHS; MEAGHAN WILLIS; JESSICA GARRETT; ERIN CRAVEN; SUSAN SPICKARD; REBECCA SMITH; THOMAS PANZICA and all others similarly situated; BLANCA MELCHOR and all others similarly situated; ANDREA POGWIDZ and all others similarly situated; HAZEL MEZA and all others similarly situated; KATHLEEN MARSHALL, and all others similarly situated; JOSEPHINE KILPATRICK and all others similarly situated; AMAL KHADER, and all others similarly situated; ALICIA ANDRONIS BAGHBHARI AHMAD, RAY ANTHONIJSZ, DAN BERNARD, BARBARA BOTOR, RIZZA BUGTONG, ARIEL CABAHUG, VERONICA CARRENO, FRANCISCA CONTRERAS, CLEMENTINA DANIEL, RINYA DANIEL, DAVID EDITH, FELICIA DIFUNTORUM, PAM DOW, DEWAYNE ELLIS, MEAGHAN FITZGERALD, NICOLE FOWLER, RAY GOODWIN, SANDRA HOWE, LIDIA SIMONA, IOVESCO JOY JASPERSON, JAMIE JENNINGS, ZULQUERNAIN KHAN, GOAR KOPOT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

TISHA KRAKOWSKI, KAREN LANDRUM,           )
AIMEE LEFEVER, VIVITA LEJINA, BLANCA       )
MARTINEZ, KAREN MCCULLOUGH,                )
MICHELLE MCDERMED, TIMOTHY                 )
MCGANNON, GERI MCNEAL, JILL MILLER,        )
JOSIANE MUMUKUNDE, SHIRLEY NAPIER,         )
ARTEMESIA NEAL, ELIZABETH PALOMA,          )
DAXA PATEL, MAMTA PATEL, VICTORIA          )
PAVLOVIC, HEATHER PINARCI, VALERIA         )
RAMIREZ, AMANDA REBAC, LAURA               )
RODRIGUEZ-MEDINA, ANA ROMAN,               )
CAITLIN SCHEISSER, RACHAEL JOY             )
SCHNIEDER, JASON SERRANO, LORETA           )
STASKONIENE, JOE TISO, RITA TRESTKA,       )
DARLENE WILSON, JODY WETZEL, and           )
SHIMONICA WONG,                            )
                                           )
                    Defendants.            )
                                           )

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), as Plaintiff, by and through its attorneys, Tressler, LLP, and for its Complaint for Declaratory Judgment against MEDICAL CAREER INSTITUTE , INC., ("MCI"); WILLIAM G. ZANE ("William"); THALIA G. ZANE ("Thalia"); GREG PETNATOS ("Petnatos"); MARTHA CALVO ("Calvo"); TAQUIA MEHDI-RAZVI a/k/a TAQUIA OL ELIEL RAZVI ("Razvi"); JENNIEFER LAMBERT ("Lambert"); KRISTIN RORLEDGE ("Rorledge"); RACHEL KITTLER ("Kittler"); DANIELLE DODLER ("Dodler"); RENEE OCHS ("Ochs"); MEAGHAN WILLIS ("Willis"); JESSICA GARRETT ("Garrett"); ERIN CRAVEN ("Craven"); SUSAN SPICKARD ("Spickard"); REBECCA SMITH ("Smith"); THOMAS PANZICA ("Panzica") and all others similarly situated; BLANCA MELCHOR ("Melchor") and all others similarly situated; ANDREA POGWIDZ and all others similarly situated; HAZEL MEZA ("Meza") and all others similarly situated; KATHLEEN MARSHALL ("Marshall"), and all other similarly situated; and JOSEPHINE

KILPATRICK ("Kilpatrick"), and all others similarly situated; AMAL KHADER ("Khader") and all others similarly situated; ALICIA ANDRONIS BAGHBHARI AHMAD ("Ahmad"), RAY ANTHONIJSZ ("Anthonijsz"), DAN BERNARD ("Bernard"), BARBARA BOTOR ("Botor"), RIZZA BUGTONG ("Bugtong"), ARIEL CABAHUG ("Cabahug"), VERONICA CARRENO ("Carreno"), FRANCISCA CONTRERAS ("Contreras"), CLEMENTINA DANIEL ("Clementina"), RINYA DANIEL ("Rinya"), DAVID EDITH ("Edith"), FELICIA DIFUNTORUM ("Difuntorum"), PAM DOW ("Dow"), DEWAYNE ELLIS ("Ellis"), MEGHAN FITZGERALD ("Fitzgerald"), NICOLE FOWLER ("Fowler", RAY GOODWIN ("Goodwin"), SANDRA HOWE ("Howe"), LIDIA SIMONA ("Simona"), IOVESCO JOY JASPERSON ("Jasperson"), JAMIE JENNINGS ("Jennings"), ZULQUERNAIN KHAN ("Khan"), GOAR KOPOT ("Kopot"), TISHA KRAKOWSKI ("Krakowski"), KARNE LANDRUM ("Landrum"), AIMEE LEFEVER ("LeFever"), VIVITA LEJINA ("Lejina"), BLANCA MARTINEZ ("Martinez"), KAREN MCCULLOUGH ("McCullough"), MICHELLE MCDERMED ("McDermed"), TIMOTHY MCGANNON ("McGannon"), GERI MCNEAL ("McNeal"), JILL MILLER ("Miller"), JOSIANE MUMUKUNDE ("Mumukunde"), SHIRLEY NAPIER ("Napier"), ARTEMESIA NEAL ("Neal"), ELIZABETH PALOMA ("Paloma"), DAXA PATEL ("Daxa"), MAMTA PATEL ("Mamta"), VICTORIA PAVLOVIC ("Pavlovic"), HEATHER PINARCI ("Pinarci"), VALERIA RAMIREZ ("Ramirez"), AMANDA REBAC ("Rebac"), LAURA RODRIGUEZ-MEDINA ("Rodriguez-Medina"), ANA ROMAN ("Roman"), CAITLIN SCHEISSER ("Scheisser"), RACHAEL JOY SCHNIEDER ("Schnieder"), JASON SERRANO ("Serrano"), LORETA STASKONIENE ("Staskoniene"), JOE TISO ("Tiso"), RITA TRESTKA ("Trestka"), DARLENE WILSON ("Wilson"), JODY WETZEL ("Wetzel"), SHIMONICA WONG ("Wong"), states as follows:

**STATEMENT OF CASE**

1.     This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, for the purpose of determining an actual controversy between the parties, construing the rights and legal obligations arising under contracts of insurance issued by Hartford to MCI.  This action seeks a declaration that Hartford owes no insurance coverage obligations to MCI, William, Thalia, Petinatos, Calvo, Razvi, Lambert, Rorledge, Kittler, Dodler, Ochs, Willis, Garrett, Craven, Spickard, or Smith (hereinafter collectively referred to as the "MCI Defendants") in connection with a lawsuit pending in the Circuit Court of Cook County, Illinois County Department, styled as Thomas Panzica, et al. v. Medical Careers Institute, Inc., Case No. 09 L 001317 (the "Panzica lawsuit").

**PARTIES**

2.     Hartford is an Indiana corporation with its principal place of business in Connecticut.

3.     MCI is an Illinois corporation with its principal place of business in Chicago, Illinois.

4.     Upon information and belief, William is an Illinois citizen and resident.

5.     Upon information and belief, Thalia is an Illinois citizen and resident.

6.     Upon information and belief, Petnatos is an Illinois citizen and resident.

7.     Upon information and belief, Calvo is an Illinois citizen and resident.

8.     Upon information and belief, Razvi is an Illinois citizen and resident.

9.     Upon information and belief, Lambert is an Illinois citizen and resident.

10.     Upon information and belief, Rorledge is an Illinois citizen and resident.

11. Upon information and belief, Kittler is an Illinois citizen and resident.

12. Upon information and belief, Dodler is an Illinois citizen and resident.

13. Upon information and belief, Ochs is an Illinois citizen and resident.

14. Upon information and belief, Willis is an Illinois citizen and resident.

15. Upon information and belief, Garrett is an Illinois citizen and resident.

16. Upon information and belief, Craven is an Illinois citizen and resident.

17. Upon information and belief, Spickard is an Illinois citizen and resident.

18. Upon information and belief, Smith is an Illinois citizen and resident.

19. Upon information and belief, Panzica is an Illinois citizen and resident.

20. Upon information and belief, Melchor is an Illinois citizen and resident.

21. Upon information and belief, Pogwidz is an Illinois citizen and resident.

22. Upon information and belief, Meza is an Illinois citizen and resident.

23. Upon information and belief, Marshall is an Illinois citizen and resident.

24. Upon information and belief, Kilpatrick is an Illinois citizen and resident.

25. Upon information and belief, Khader is an Illinois citizen and resident.

26. Upon information and belief, Ahmad is an Illinois citizen and resident.

27. Upon information and belief, Anthonijsz is an Illinois citizen and resident.

28. Upon information and belief, Bernard is an Illinois citizen and resident.

29. Upon information and belief, Botor is an Illinois citizen and resident.

30. Upon information and belief, Bugtong is an Illinois citizen and resident.

31. Upon information and belief, Cabahug is an Illinois citizen and resident.

32. Upon information and belief, Carreno is an Illinois citizen and resident.

33.     Upon information and belief, Contreras is an Illinois citizen and resident.

34.     Upon information and belief, Clementina is an Illinois citizen and resident.

35.     Upon information and belief, Rinya is an Illinois citizen and resident.

36.     Upon information and belief, Edith is an Illinois citizen and resident.

37.     Upon information and belief, Difuntorum is an Illinois citizen and resident.

38.     Upon information and belief, Dow is an Illinois citizen and resident.

39.     Upon information and belief, Ellis is an Illinois citizen and resident.

40.     Upon information and belief, Fitzgerald is an Illinois citizen and resident.

41.     Upon information and belief, Fowler is an Illinois citizen and resident.

42.     Upon information and belief, Goodwin is an Illinois citizen and resident.

43.     Upon information and belief, Howe is an Illinois citizen and resident.

44.     Upon information and belief, Simona is an Illinois citizen and resident.

45.     Upon information and belief, Jasperson is an Illinois citizen and resident.

46.     Upon information and belief, Jennings is an Illinois citizen and resident.

47.     Upon information and belief, Khan is an Illinois citizen and resident.

48.     Upon information and belief, Kopot is an Illinois citizen and resident.

49.     Upon information and belief, Krakowski is an Illinois citizen and resident.

50.     Upon information and belief, Landrum is an Illinois citizen and resident.

51.     Upon information and belief, LeFever is an Illinois citizen and resident.

52.     Upon information and belief, Lejina is an Illinois citizen and resident.

53.     Upon information and belief, Martinez is an Illinois citizen and resident.

54.     Upon information and belief, McCullough is an Illinois citizen and resident.

55.  Upon information and belief, McDermed is an Illinois citizen and resident.

56.  Upon information and belief, McGannon is an Illinois citizen and resident.

57.  Upon information and belief, McNeal is an Illinois citizen and resident.

58.  Upon information and belief, Miller is an Illinois citizen and resident.

59.  Upon information and belief, Mumukunde is an Illinois citizen and resident.

60.  Upon information and belief, Napier is an Illinois citizen and resident.

61.  Upon information and belief, Neal is an Illinois citizen and resident.

62.  Upon information and belief, Paloma is an Illinois citizen and resident.

63.  Upon information and belief, Daxa is an Illinois citizen and resident.

64.  Upon information and belief, Mamta is an Illinois citizen and resident.

65.  Upon information and belief, Pavlovic is an Illinois citizen and resident.

66.  Upon information and belief, Pinarci is an Illinois citizen and resident.

67.  Upon information and belief, Ramirez is an Illinois citizen and resident.

68.  Upon information and belief, Rebac is an Illinois citizen and resident.

69.  Upon information and belief, Rodriguez-Medina is an Illinois citizen and resident.

70.  Upon information and belief, Roman is an Illinois citizen and resident.

71.  Upon information and belief, Scheisser is an Illinois citizen and resident.

72.  Upon information and belief, Schnieder is an Illinois citizen and resident.

73.  Upon information and belief, Serrano is an Illinois citizen and resident.

74.  Upon information and belief, Staskoniene is an Illinois citizen and resident.

75.  Upon information and belief, Tiso is an Illinois citizen and resident.

76.  Upon information and belief, Trestka is an Illinois citizen and resident.

77.     Upon information and belief, Wilson is an Illinois citizen and resident.

78.     Upon information and belief, Wetzel is an Illinois citizen and resident.

79.     Upon information and belief, Wong is an Illinois citizen and resident.

80.     Panzica, Melchor, Pogwidz, Meza, Marshall, Kilpatrick, Khader, Ahmad, Anthonijsz, Bernard, Botor, Bugtong, Cabahug, Carreno, Contreras, Clementina, Rinya, Edith, Difuntorum, Dow, Ellis, Fitzgerald, Fowler, Goodwin, Howe, Simona, Jasperson, Jennings, Khan, Kopot, Krakowski, Landrum LeFever, Lejina, Martinez, McCullough, McDermed, McGannon, McNeal, Miller, Mumukunde, Napier, Neal, Paloma, Daxa, Mamta, Pavlovic, Pinarci, Ramirez, Rebac, Rodriguez-Medina, Roman, Scheisser, Schnieder, Serrano, Staskoniene, Tiso, Trestka, Wilson, Wetzel, Wong, (hereinafter collectively referred to as the "Class Claimants") and others, including Carreno, filed a Complaint which is currently pending in the Circuit Court of Cook County Illinois against the MCI Defendants.  A true and correct copy of the original complaint in the Panzia lawsuit is attached hereto as Exhibit A.  The Class Claimants and Carreno are joined herein as interested parties to be bound by the judgment rendered by this Court.

**JURISDICTION AND VENUE**

81.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

82.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship and Defendants, MCI, William and Thalia do business within this District and because this case involves a liability insurance policy issued to MCI within this District for claims made within this District.

8

**THE HARTFORD INSURANCE POLICIES**

83.     Hartford issued to MCI a business insurance policy bearing policy no. 83 SBA PM4300 SA, effective annually from September 14, 2007 to September 14, 2008 (the "Policy"). A copy of the Policy is attached hereto as Exhibit B.

84.     The Policy contains liability coverage for "Bodily Injury, Property Damage, Personal and Advertising Injury" which provides, in part, as follows:

**A.     COVERAGES**

      1.     BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)

      **Insuring Agreement**

      a.     We will pay on behalf of the insured those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

      We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result.  But:

      (1)     The amount we will pay for damages is limited as described in Section D. – Liability And Medical Expenses Limits Of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or medical expenses to which this insurance applies.

\*      \*      \*

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension – Supplementary Payments.

b.    This insurance applies to:

(1)    "Bodily injury" and "property damage" only if:

(a)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(b)    The "bodily injury" or "property damage" occurs during the policy period.

(c)    Prior to the policy period, no insured listed under Paragraph 1. Of Section C. – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any

10

continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.   "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section C. – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)   Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer.

\*     \*     \*

(See, Ex. B).

85.   With respect to Exclusions, the Policy provides, in part:

**B.**   **EXCLUSIONS**

**1.**   **Applicable to Business Liability Coverage**

This insurance does not apply to:

**a.**   **Expected Or Intended Injury**

(1)   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

\*     \*     \*

j.    **Professional Services**

"Bodily injury," "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service. This includes but is not limited to:

(1)    Legal, accounting or advertising services;

(2)    Preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications;

(3)    Supervisory, inspection, architectural or engineering activities;

(4)    Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;

(5)    Any health or therapeutic service treatment, advice or instruction;

(6)    Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

(7)    Optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

k.    **Damage to Property**

"Property damage" to:

*        *        *

12

(4)     Personal property in care, custody or control of the insured:

\*     \*     \*

(See, Ex. B).

86.     The Policy contains the following conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*     \*     \*

2.     **Duties in the Event of Occurrence, Offense, Claim or Suit.**

a.     **Notice of Occurrence Or Offense**

You or any additional insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1)     How, when and where the "occurrence" or offense took place;

(2)     The names and addresses of any injured persons and witnesses; and

(3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.     **Notice of Claim**

If a claim is made or "suit" is brought against any insured, you or any additional insured must:

(1)     Immediately record the specifics of the claim or "suit" and the date received;

and

(2)     Notify us as soon as practicable.

You or any additional insured must see to it that we receive a written notice of the claim or "suit" as soon as practicable.

\*        \*        \*

(See, Ex. B).

87.     The Policy contains the following Definitions:

**G.      LIABILITY AND MEDICAL EXPENSES DEFINITIONS:**

1.      "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through;

a.      (1)     Radio;

(2)     Television;

(3)     Billboard;

(4)     Magazine;

(5)     Newspaper;

b.      The Internet, but only that part of a web site that is about goods, products or services for the purposes of inducing the sale of goods, products or services; or

c.      Any other publication that is given widespread public distribution.

However, "advertisement" does not include:

a.      The design, printed material, information or images contained in, or upon the packaging or labeling of any goods or products; or

b.      An interactive conversation between or among persons through a computer network.

2.   "Advertising idea" means any idea for an "advertisement".

* * *

5.   "Bodily injury" means physical:

a.   Injury;

b.   Sickness; or

c.   Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

* * *

16.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.  "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.   False arrest, detention or imprisonment;

b.   Malicious prosecution;

c.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor;

d.   Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.   Oral, written or electronic publication of material that violates a person's right of privacy;

f.  Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

g.  Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

h.  Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

\*       \*       \*

20.  "Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

\*       \*       \*

(See, Ex. B).

88.  The Policy contains the following endorsement, which provides, in part:

**EXCLUSION – DESIGNATED OPERATIONS**

This endorsement modifies insurance provided under the

**Business Liability Coverage Form**

This insurance does not apply to "bodily injury" or "property damage" arising out of the operations described and at locations shown in the Declarations.

16

*     *     *

(See, Ex. B).

## CASE AND CONTROVERSY

89.     The MCI Defendants have demanded that Hartford defend and indemnify them with respect to the Panzica lawsuit.

90.     Hartford has denied that it owes the MCI Defendants any defense or indemnity obligations with respect to the Panzica lawsuit.

91.     An actual and justiciable controversy exists between the MCI Defendants, the Class Claimants, Carreno and Hartford as to the availability of insurance coverage with respect to the Panzica lawsuit and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I -- NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE" IS ALLEGED

92.     Hartford incorporates the allegations set forth within Paragraphs 1 through 91 as if fully set forth herein as Paragraph 92.

93.     The Complaint filed in the Panzica lawsuit does not concern a claim for damages because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the Hartford Policy. (See, Exhibits A and B).

94.     Hartford thus does not owe the MCI Defendants any defense or indemnity obligations for the Panzica lawsuit.

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against the Defendants declare that Hartford does not owe any duty to defend or indemnify MCI, William, Thalia, Petinatos, Calvo, Razvi, Lambert, Rorledge, Kittler, Dodler, Ochs,

Willis, Garrett, Craven, Spickard or Smith in the Panzica lawsuit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

### COUNT II -- NO "PERSONAL AND ADVERTISING INJURY" IS ALLEGED

95.    Hartford incorporates the allegations set forth within Paragraphs 1 through 91 as if fully set forth herein as Paragraph 95.

96.    The Panzica lawsuit does not allege a claim for damages because of "personal and advertising injury" as that term is defined in the Hartford Policy. (See, Exhibits A and B).

97.    Hartford thus does not owe the MCI Defendants any defense or indemnity obligations for the Panzica lawsuit.

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against the Defendants declare that Hartford does not owe any duty to defend or indemnify MCI, William, Thalia, Petinatos, Calvo, Razvi, Lambert, Rorledge, Kittler, Dodler, Ochs, Willis, Garrett, Craven, Spickard or Smith in the Panzica lawsuit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

### COUNT III – THE EXPECTED OR INTENDED EXCLUSION APPLIES

98.    Hartford incorporates the allegations set forth within Paragraphs 1 through 91 as if fully set forth herein as Paragraph 98.

99.    The Hartford Policy excludes coverage for "bodily injury" and "property damage" which is expected or intended from the standpoint of the insured. (See, Exhibit B).

100.   To the extent that the Panzica lawsuit involves a claim for damages because of "property damage" or "bodily injury" caused by an "occurrence" (which Hartford denies), any such claim falls within the expected or intended exclusion.

101.    Accordingly, Hartford owes no defense or indemnity obligation to the MCI Defendants with respect to the Panzica lawsuit based on the expected or intended exclusion.

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against the Defendants declare that Hartford does not owe any duty to defend or indemnify MCI, William, Thalia, Petinatos, Calvo, Razvi, Lambert, Rorledge, Kittler, Dodler, Ochs, Willis, Garrett, Craven, Spickard or Smith in the Panzica lawsuit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

## COUNT IV– THE CARE, CUSTODY OR CONTROL EXCLUSION APPLIES

102.    Hartford incorporates the allegations set forth within Paragraphs 1 through 91 as if fully set forth herein as Paragraph 102.

103.    The Hartford Policy excludes coverage for claims for damages for "property damage" to property in the care, custody or control of the insured.  (See, Exhibit B).

104.    To the extent that the Panzica lawsuit involves a claim for damages because of "property damage" caused by an "occurrence" (which Hartford denies), any such claim falls within the care, custody or control exclusion.

105.    Accordingly, Hartford owes no defense or indemnity obligation to the MCI Defendants with respect to the Panzica lawsuit based on the care, custody or control exclusion.

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against the Defendants declare that Hartford does not owe any duty to defend or indemnify MCI, William, Thalia, Petinatos, Calvo, Razvi, Lambert, Rorledge, Kittler, Dodler, Ochs, Willis, Garrett, Craven, Spickard or Smith in the Panzica lawsuit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

## COUNT V-- BREACH OF THE NOTICE CONDITION

106.    Hartford incorporates the allegations set forth within Paragraphs 1 through 91 as if fully set forth herein as Paragraph 106.

107.    The Hartford Policy requires that prompt notice of an occurrence, offense, claim or suit be given to Hartford.

108.    The Panzica lawsuit alleges that a settlement demand was made on William and MCI on September 4, 2008 after Panzica and McGannon discovered that the education that they paid and worked for at MCI was worthless and did not qualify them to sit for national registry exams or qualify them for employment in the field of Medical Diagnostics.

109.    Allegedly, MCI and William rejected the settlement demand on September 18, 2008.

110.    Hartford was not informed of the settlement demand or the claims of Panzica and McGannon until February 19, 2009, when it received notice of the Panzica lawsuit.

111.    The MCI Defendants have breached the notice condition of the Hartford Policy.

112.    Thus, whatever coverage for the Panzica lawsuit under the Hartford Policy, which might have existed, is forfeit and Hartford owes no duty to defend or indemnify the MCI Defendants for the Panzica lawsuit on this basis.

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against the Defendants declare that Hartford does not owe any duty to defend or indemnify MCI, William, Thalia, Petinatos, Calvo, Razvi, Lambert, Rorledge, Kittler, Dodler, Ochs, Willis, Garrett, Craven, Spickard or Smith in the Panzica lawsuit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

## COUNT VI- THE DESIGNATED OPERATIONS EXCLUSION APPLIES

113.    Hartford incorporates the allegations set forth within Paragraphs 1 through 91 as if fully set forth herein as Paragraph 113.

114.    The Hartford Policy excludes coverage for claims for damages for "bodily injury" or "property damage" arising out of operations described and at locations shown in the Declarations. (See, Exhibit B).

115.    116 South Michigan Avenue, Chicago, Illinois 60603 is a location shown on the Declarations. (See. Exhibit B).

116.    To the extent that the Panzica lawsuit involves a claim for damages because of "property damage" or "bodily injury" caused by an "occurrence" (which Hartford denies), any such claim falls within the designated operations exclusion.

117.    Accordingly, Hartford owes no defense or indemnity obligation to the MCI Defendants with respect to the Panzica lawsuit based on the designated operations exclusion.

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against the Defendants declare that Hartford does not owe any duty to defend or indemnify MCI, William, Thalia, Petinatos, Calvo, Razvi, Lambert, Rorledge, Kittler, Dodler, Ochs, Willis, Garrett, Craven, Spickard or Smith in the Panzica lawsuit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

### COUNT VII- THE PROFESSIONAL SERVICES EXCLUSION APPLIES

118.    Hartford incorporates the allegations set forth within Paragraphs 1 through 91 as if fully set forth herein as Paragraph 118.

119.    The Hartford Policy excludes coverage for claims for damages for "bodily injury" or "property damage" arising out of the rendering or failure to render any professional service. (See, Exhibit B).

120.    To the extent that the <u>Panzica</u> lawsuit involves a claim for damages because of "property damage" or "bodily injury" caused by an "occurrence" (which Hartford denies), any such claim falls within the professional services exclusion.

121.    Accordingly, Hartford owes no defense or indemnity obligation to the MCI Defendants with respect to the <u>Panzica</u> lawsuit based on the professional services exclusion.

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against the Defendants declare that Hartford does not owe any duty to defend or indemnify MCI, William, Thalia, Petinatos, Calvo, Razvi, Lambert, Rorledge, Kittler, Dodler, Ochs, Willis, Garrett, Craven, Spickard or Smith in the <u>Panzica</u> lawsuit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

### COUNT VIII- NO COVERAGE OUTSIDE OF THE POLICY PERIOD

122.    Hartford adopts and incorporates Paragraphs 1 through 91 as though set forth fully herein as Paragraph 122.

123.    The Insuring Agreement of the Hartford Policy provides that the insurance applies only to claims for damages where the "bodily injury" or "property damage" occurs during the policy period. (See Exhibit B.)

124.    The Panzica lawsuit alleges acts which occurred outside of the Hartford Policy period.

125.    There is no coverage for any acts which occurred outside of the Hartford Policy period.

WHEREFORE, Hartford prays that the Honorable Court will enter judgment in its favor and against the Defendants declare that Hartford does not owe any duty to defend or indemnify MCI, William, Thalia, Petinatos, Calvo, Razvi, Lambert, Rorledge, Kittler, Dodler, Ochs, Willis, Garrett, Craven, Spickard or Smith in the Panzica lawsuit, and award Hartford such other and further relief as the Court deems just and proper, including an award of costs.

Respectfully submitted,

By: _____/s/ Shevonn K. Willis_____
One of the Attorneys for
Hartford Casualty Insurance Company

Michael J. Duffy
Shevonn K. Willis
Tressler, LLP
233 South Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 627-4000
(312) 627-1717 fax